### COMMONWEALTH *vs.* JOHN McARTY.

An indictment on *St.* 1855, *c.* 405, for keeping " a certain tenement " for the illegal sale and illegal keeping of intoxicating liquors, may be sustained by proof of keeping a grocer's shop and twice selling intoxicating liquors in an adjoining room in the same building.

INDICTMENT on *St.* 1855, *c.* 405, for a nuisance by keeping " a certain tenement," used for the illegal sale and illegal keeping of intoxicating liquors.

At the trial in the court of common pleas in Bristol, before *Perkins*, J., there was evidence that the defendant kept a grocer's shop in Fall River, that there were jugs and decanters on the shelf in a room behind the shop and opening into it, and that the defendant twice sold gin in that room.

The defendant requested the judge to instruct the jury that the evidence of two sales of gin, and of the situation and contents of the back room, was not sufficient to authorize the jury in finding that the alleged tenement was a common nuisance by reason of being used for the sale of intoxicating liquors. But the judge ruled " that neither two nor even a larger number of illegal sales would of themselves constitute a using for the illegal sales of intoxicating liquors; that using for that purpose implied habitual, continuous action, and that the jury must be satisfied that the defendant constantly kept intoxicating liquors in that place and made a business of selling them there, contrary to law ; and it was for the jury to say, upon the evidence, whether the place was used by the defendant for the illegal sales of intoxicating liquors." The defendant, being convicted, alleged exceptions.

*B. Sanford*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

THOMAS, J. The instructions to the jury in this case are, we think, right in principle and accurate in statement. After reading the *St.* of 1855, *c.* 405, and the evidence as reported, it is difficult to understand how fault could be found with the rulings in manner or substance.          *Exceptions overruled.*